UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. MCCARTY, | No. C 09-05753 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | **Plaintiff's Motion for Remand and<br>Defendant's Motion for Summary Judgment** |
| Defendant. | |

     Plaintiff Steven L. McCarty ("McCarty") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). Now before the court are the Commissioner's cross-motions for summary judgment and McCarty's motion for remand under sentence six of section 405(g). Having considered the parties' arguments and submissions, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

     In two separate previous actions, this court remanded to the Commissioner for a redetermination of McCarty's claims under Titles II and XVI of the Social Security Act. In Case No. C 03-02425, the parties stipulated to remand in order to reconcile the denial of benefits for the period of December 31, 1998 through January 22, 2003 with a subsequent favorable determination. On November 21, 2003 the matter was remanded to the Appeals Council with instructions to "reconcile the subsequent allowance of benefits with the Administrative Law Judge's previous

denial." Docket No. 16, Case No. C 03-02425. On remand, the Appeals Council granted disability insurance benefits beginning March 21, 2002. AR 510a-510e. In Case No. C 04-05060, McCarty challenged the denial of benefits prior to March 21, 2002 on several grounds. On October 14, 2005, this court issued a memorandum and order finding numerous errors in the Appeals Council's decision. The court concluded that the Appeals Council failed to (1) adequately reconcile McCarty's unsuccessful and successful applications for benefits, (2) consider both McCarty's severe and non-severe impairments in determining his residual functional capacity, and (3) apply the special technique specified in 20 C.F.R. § 404.1520a for evaluating mental impairments. Docket No. 29, Case No. C 04-05060. The court granted summary judgment to McCarty and stated in conclusion, "This action is hereby REMANDED to the Commissioner *pursuant to sentence four* of 42 U.S.C. section 405(g), for further proceedings consistent with the foregoing order. The clerk shall close the file." *Id*. (emphasis added). Judgment in favor of McCarty was entered the same day. Docket No. 30, Case No. C 04-05060.

On remand from the court's October 2005 order, the Appeals Council assigned the matter to a new ALJ who arranged for another hearing, to include testimony from multiple experts. AR 844. At the May 3, 2007 hearing, McCarty appeared with counsel. At the hearing, through his attorney, McCarty withdrew his request for a hearing. The relevant exchange is as follows:

> ALJ: It did appear to me that there's certainly a good case to be made for disability at March of 2002, when the hand problem and Raynaud's problem started being very apparent. And before that, it was somewhat questionable and I didn't, but I didn't know what . . . the medical experts who will be testifying today that have looked at the records might find. They might move it back up to 2004 or some other date that would be less advantageous to you. So, rather than roll the dice and, [] test the fates, it's my understanding that you had a chance to discuss that with Mr. Wall, as your attorney, and would be willing to, essentially what would happen, you'd withdraw your request for a hearing and everything would stay the way it is. So you'd be, have your benefits from March 2002 up through the present and the future and that would be maybe the best way to resolve it. Is that your understanding also?
>
> CLMT: Yes, sir, that's the best way to go.
>
> ALJ: Okay. And, Mr. Wall, I take it you can confirm that you did have discussions with your client and explained to him the ramifications of that?
>
> ATTY: I did, Judge.
> . . .
> ALJ: So I will accept your withdrawal of the hearing, request for hearing with respect to only the portion from December 1998 to March of 2002. The rest of the decision will stand

2

1       as found by the Appeals Council with disability awarded from March, whatever the date was, 2002 through the present.

      ATTY: March 21st.

      ALJ: March 21st 2002.

      CLMT: Thank you, Your Honor.

AR 847-49. On August 31, 2007, the ALJ issued a written order of dismissal "based on the claimant and his attorney's withdrawal on the record at the hearing." AR 745-46. The ALJ stated that "Section 205(g) of the Social Security Act does not preclude dismissal of a court remanded case under sentence four of that section , because such remands are final judgments, which conclude the district court's jurisdiction of the case . . . The Supreme Court has held that a district court order remanding a Social Security disability benefit claim to the agency for further proceedings is a final judgment . . .." AR 745 (citing *Forney v. Apfel*, 524 U.S. 266 (1998)). The notice of the order of dismissal informed McCarty of his right to file an appeal requesting that the Appeals Council review and vacate the order. AR 743.

      On September 24, 2007, McCarty appealed the order of dismissal to the Appeals Council "because he claim[ed] that ALJ Reite was without authority to dismiss his case because he was required to follow the Law of the Case as established by Judge Patel of the Northern District of California." AR 738. In a letter dated September 18, 2008, Mr. Wall stated that "Mr. McCarty's basic argument is that neither he nor ALJ Reite had the power and authority to withdraw and dismiss the claim. In order for either or both of them to do so, they are required to seek dismissal from Judge Patel, N.D. California, who issued the order." AR 730. The Appeals Council declined to assume jurisdiction, rendering the ALJ's decision the final decision of the Commissioner. AR 722-725. McCarty brought the instant action on December 8, 2009.

LEGAL STANDARD

      Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law" Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the proceedings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, show that a fact is genuinely disputed. Fed. R. Civ. P. 56(c). Mere allegations or denials do not defeat a moving party's allegations. *Id.*; *see also Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 249; *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

DISCUSSION

I.     Authority of the ALJ to Dismiss McCarty's Request for a Hearing

McCarty argues that the ALJ was without authority to dismiss his request for a hearing, because his disability claims were subject to a remand order from this court and accordingly only the undersigned had authority to dismiss the hearing. Under the "law of the case" and "rule of mandate" doctrines, he argues, the ALJ committed error by not following this court's October 2005 instructions on remand regarding the reconciliation of his favorable and unfavorable applications. This is so, apparently, notwithstanding McCarty's clear withdrawal, through counsel, of his request for a hearing.

The ALJ had authority to dismiss the request for a hearing, as this court no longer had jurisdiction over McCarty's claims. A remand under sentence four of 42 U.S.C. § 405(g) constitutes a "final judgment," *Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002), "which terminates the litigation with victory for the plaintiff," *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993). Sentence four authorizes the district court to remand in conjunction with "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." 42 U.S.C. § 405(g); *Melkonyan v.*

4

*Sullivan*, 501 U.S. 89, 99-100 (1991). The court must immediately enter judgment following an order of remand under sentence four, and it is error for the court to retain jurisdiction pending completion of the administrative proceedings. *Schaefer*, 509 U.S. at 297, 299-300. By contrast, the court may remand under sentence six of section 405(g) "without making any substantive ruling as to the correctness of the Secretary's decision," *Melkonyan*, 501 U.S. at 100, in which case the litigation does not terminate and judgment can only be entered "after postremand agency proceedings have been completed and their results filed with the court." *Schaefer*, 509 U.S. at 297, 301. This court's October 2005 remand was explicitly under sentence four of section 405(g), and the court immediately entered judgment with the issuance of its memorandum and order. The court's sentence four remand terminated the prior litigation, divesting this court of jurisdiction over McCarty's claims.[1]

McCarty's claims no longer being subject to this court's jurisdiction, it appears to have been entirely proper for the ALJ to issue a notice of dismissal. Under 20 C.F.R. § 404.957(a), an ALJ may dismiss a request for a hearing "at any time before notice of the hearing decision is mailed when the party who initially requested the hearing asked to withdraw his or her request." *Fernandes,* 2009 WL 3823922, at *5. "The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council." 20 C.F.R. § 404.959. An ALJ or the Appeals Council may vacate any dismissal of a hearing request if the claimant "request[s] that the dismissal be vacated and show[s] good cause why the hearing request should not have been dismissed" within sixty days of receiving the dismissal notice. 20 C.F.R. § 404.960.

The Hearings, Appeals and Litigation Law Manual ("HALLEX") further details the ALJ's authority to dismiss a request for hearing upon the claimant's voluntary withdrawal, including on remand from the district court.[2] An ALJ may dismiss a request for hearing at any time before mailing a notice of decision if: (1) the claimant has submitted a withdrawal in writing or orally on the record at the hearing; (2) the record shows that the claimant understands the effects of the withdrawal; (3) there are no other claimants who may be adversely affected; (4) the voluntary withdrawal does not follow a sentence six remand; and (5) the ALJ determines that dismissal is

5

appropriate. HALLEX I-2-4-20. Where such dismissal follows a sentence four remand, HALLEX requires the ALJ's decision to contain: (a) a statement of the procedural history on remand; (b) a discussion of the facts surrounding the conclusion that claimant has withdrawn the claim; (c) a discussion of the supporting documents entered in the record; (d) an explanation that claimant's action renders the controversy moot; and (e) a statement adopting the prior final decision of the Commissioner, as modified. HALLEX I-2-8-18.

The ALJ's dismissal here complied with the all the above requirements. McCarty, through his attorney, withdrew his request for a hearing on the record at the hearing, and the ALJ made sure that McCarty was aware of the consequences of the withdrawal. The withdrawal did not follow a sentence six remand, and the ALJ explained that dismissal was reasonable given the possibility that the new hearing would yield a less favorable result than the prior final decision. The ALJ's later written decision further complied with all of the requirements of HALLEX and adequately explained the facts and circumstances surrounding the remand, the withdrawal and the reinstatement of the prior decision. On appeal to the Appeals Council, McCarty did not provide "good cause" for vacating the ALJ's dismissal, for example some type of misunderstanding or changed circumstance. The sole proffered basis for vacatur was the ALJ's lack of authority to dismiss on remand from this court, and for the reasons stated above the Appeals Council rightfully denied review.

McCarty's invocation of the "law of the case" and "rule of mandate" doctrines is misplaced. Although it is certainly true that "an inferior court is bound by the [appellate court's] decree as the law of the case," *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999), and "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error," *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989), none of the cases cited by McCarty involve the situation here, namely, a claimant who knowingly and voluntarily withdraws a request for further hearings. This court's remand order set forth a number of errors in the previous determination of McCarty's benefits and gave instructions on how to remedy such deficiencies upon further administrative review. Additional hearings never took place, however, because of McCarty's intervening withdrawal decision. The record seems to demonstrate that the ALJ was prepared to give McCarty a full hearing

on the merits, and several medical and vocational experts appeared to testify at the hearing. The ALJ and the Appeals Council did not contravene this court's order by honoring McCarty's withdrawal and binding him to that decision.

II. Sentence Six Remand

McCarty alternatively requests a remand under sentence six of 42 U.S.C. § 405(g) so that the Appeals Council can address the errors identified in this court's October 2005 sentence four remand order. "Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296 F.3d at 854. Neither situation is present here. Firstly, the Commissioner has answered the complaint and does not request remand. Secondly, McCarty seeks remand not because he wishes to present new evidence, but instead because he wishes to vacate his previous, binding withdrawal of a request for hearing. Moreover, he has not provided "good cause" for why he should now be entitled to a merits hearing notwithstanding his choice not to proceed with the hearing previously arranged for him. McCarty has provided no explanation for his change of heart, and accordingly there is no basis for a sentence six remand.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED, and plaintiff's motion for sentence six remand is DENIED. Because this court already has entered judgment on a remand under sentence four of section 405(g), this order is deemed final and no further judgment will be entered. The Clerk of Court shall close the file.

IT IS SO ORDERED.

Dated: May 23, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1. Although the Commissioner's motion for summary judgment apparently is not based on a lack of subject matter jurisdiction, several district courts have dismissed actions for lack of jurisdiction where the claimant withdrew a request for hearing. *See, e.g.*, *Fernandes v. Astrue*, No. 1:08-cv-01775-BAK (DLB), 2009 WL 3823922 (E.D. Cal. Nov. 13, 2009); *Barry v. Sec. of HHS*, No. 83-CV-7380-BC, 1988 WL 252040 (E.D. Mich. 1988). Section 405(g) limits judicial review to a particular type of agency action, namely a "final decision of the Commissioner of Social Security *made after a hearing*." 42 U.S.C. 405(g) (emphasis added). The reviewable decision must further be "a decision on the merits." *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980). Because a withdrawal of a request for hearing results in no hearing and accordingly no decision on the merits, these courts have found no statutory basis for judicial review. The fact that there was an extant remand order did not change this conclusion. *See Barry*, 1988 WL 252040, at *6 (rejecting argument that the dismissal order "amount[ed] to a deliberate violation of this Court's Remand Order" where "the Appeals Council repeatedly remanded this case for administrative hearings, but that prior to the taking of any substantive evidence, plaintiff's counsel at each hearing voluntarily withdrew").

2. "HALLEX is strictly an internal Agency manual, with no binding legal effect on the Administration or this court." *Clark v. Astrue,* 529 F.3d 1211, 1216 (9th Cir. 2008). Nevertheless, HALLEX is "entitled to respect . . . to the extent it has the power to persuade" the court. *Id.* (citations omitted). Here, the detailed guidance in HALLEX is entirely consistent with Section 405(g) as well as the regulations and applicable case law.